# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of:<br><br>The Use of a Cell-Site Simulator to Locate the Cellular Device Assigned Call Number 262-627-0867, see Attachment A. | )<br>)<br>)  Case No. 19-897M(NJ)<br>)<br>)<br>) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

The Use of a Cell-Site Simulator to Locate the Cellular Device Assigned Call Number 262-627-0867, see Attachment A.

located in the Eastern District of Wisconsin, there is now concealed:

See Attachment B.

The basis for the search under Fed. R. Crim P. 41(c) is:
- ☒ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☒ a person to be arrested or a person who is unlawfully restrained.

The search is related to violations of: Title 21 USC § 841(a)(1), (b)(1)(B) and 846

The application is based on these facts: See Affidavit in Support of an Application for a Search Warrant. To ensure technical compliance with the Pen Register Statute, 18 U.S.C. §§ 3121-3127, this warrant also functions as a pen register order. Consistent with the requirement for an application for a pen register order, I certify that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by [investigative agency].

☒ Delayed notice of _30_ days (give exact ending date if more than 30 days:_____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Bridget J. Domaszek, Assistant United States Attorney
Printed Name and Title

Sworn to before me and signed in my presence:
Date: August 13, 2019

_____
Judge's signature

City and State: Milwaukee, Wisconsin

Nancy Joseph, U.S. Magistrate Judge
Printed Name and Title

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, April Hemstad, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique, which is described in Attachment B, to determine the location of the cellular device assigned call number (262) 627-0867 (the "Target Cellular Device"), which is described in Attachment A.

2. I am a Deputy United States Marshal with the United States Marshals Service and, as such, am charged with enforcing all laws in all jurisdictions of the United States, its territories and possessions. I have been a member of the United States Marshals Service for approximately 8 years and currently I am assigned to the U.S. Marshals Fugitive Task Force. While assigned to the Fugitive Task Force, I have investigated several fugitive cases and have located fugitives utilizing electronic surveillance on cellular telephones.

3. In July of 2010, I completed a 12-week training course at the Federal Law Enforcement Training Center located in Glynco, Georgia. In August of 2011, I also completed the six-week Basic Deputy Course located at the U.S. Marshals Service Training Academy located in Glynco, Georgia. I have had both formal training and have participated in several investigations that utilize various electronic surveillance techniques. These techniques have proven to be useful in locating individuals who are actively avoiding arrest.

4. I am an investigator or law enforcement officer of the United States within the meaning of 18 U.S.C. Section 2510(7), in that I am empowered The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other

agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. One purpose of applying for this warrant is to determine with precision the Target Cellular Device's location. However, there is reason to believe the Target Cellular Device is currently located somewhere within this district because the telephone number area code associated with the Target Cellular Device corresponds to this district. Pursuant to Rule 41(b)(2), law enforcement may locate the Target Cellular Device outside the district provided the device is within the district when the warrant is issued.

6. This affidavit is made in support of an application for an order which seeks authorization for the disclosure of the approximate position of a Verizon Wireless cellular telephone assigned telephone number (262) 627-0867. As discussed below, I believe cellular phone, (262) 627-0867, is being used by Charles Parks, a fugitive from justice. There is also probable cause to believe that the Target Cellular Device's location will assist law enforcement in arresting Parks who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

7. Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), this warrant is designed to comply with the Pen Register Statute as well as Rule 41. See 18 U.S.C. §§ 3121-3127. This warrant therefore includes all the information required to be included in a pen register order. See 18 U.S.C. § 3123(b)(1).

## PROBABLE CAUSE

8. On April 12, 2011, Parks was charged in United States District Court for the Eastern District of Wisconsin in two counts of a 10 count superseding indictment. Count one

2

charging Parks with violations of Title 21 USC § 841(a)(1), (b)(1)(B) and 846. Count five charging Parks with violations of Title 21 USC § 841(a)(1) and 841(b)(1)(C).

8. On January 4, 2012, Parks plead guilty to count five of the ten count superseding indictment before the Honorable District Court Judge Charles N. Clevert.

9. On June 8, 2012, Parks was sentenced by Judge Clevert to a term of four years of probation. Count one of the superseding indictment was subsequently dismissed.

10. On March 18, 2014, Parks was charged by criminal complaint in Kenosha County Circuit Court, case number 2014CF000306 with Manufacture/Deliver Heroin (<3g) in violation of Wis. Stats. 961.41(1)(d)1. As a result of these new criminal charges a petition for the revocation of Parks probation was issued.

11. On November 25, 2014, Parks probation was revoked by Judge Clevert and he was sentenced to 30 months imprisonment with the first 24 months to run concurrently and the last six months to run consecutively to his sentence in Kenosha County Circuit Court case 2014CF000306. Additionally Parks was placed on a period of supervised release for a term of three years.

12. On January 8, 2019, a petition for the revocation of Parks supervised release was issued by the Honorable District Court Judge JP Stadtmueller and a warrant issued for his arrest.

13. On August 5, 2019, your affiant received information from Detective David Derks who is a Detective with the Racine Police Department. Det. Derks provided your affiant the target phone number for Charles Parks. Det Derks received the target phone number from a confidential source (CS) who has been proven reliable in the past. The CS has provided information on previous investigations which have led to multiple federal convictions. Det Derks

3

has utilized the CS on multiple occasions from 2009 to present. Parks last contacted the CS from (262) 627-0867 on August 3rd, 2019.

14. On August 5, 2019, (262) 627-0867 was run through Zetx and the cellular provider was confirmed as Verizon Wireless.

15. On August 8, 2019, the Honorable Nancy Joseph issued an order authorizing the disclosure of location-based data for (262) 627-0867. Case agents began receiving data on August 10, 2019. The pen register data reflects that the phone was in the Racine, Wisconsin area. However, the precision location data reflected that the phone was in the Milwaukee, Wisconsin area. When contacted, Verizon explained that the precision location data is associated with a tower in the home market area located in Milwaukee, and not necessarily in the precise location of (262) 627-0867. Verizon further explained that the more accurate information for the location of (262) 627-0867 is the pen register tower data.

16. On August 13, 2019, pen register tower data reflects that (262) 627-0867 is in the Racine, Wisconsin area. Case agents are aware that Parks' sister resides in Racine near where the pen register tower data shows (262) 627-0867 is currently located. Specifically, case agents believe that (262) 627-0867 is located in or near 1519 South Memorial Drive, Racine, Wisconsin. Therefore, based on their training and experience and the investigation to date, case agents believe that Parks is currently in the Racine area. However, to precisely determine Parks' location, case agents are requesting authorization to utilize a hand held pen register or cell site simulator for (262) 627-0867.

## MANNER OF EXECUTION

9. In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including

4

towers that route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

10. To facilitate execution of this warrant, law enforcement may use an investigative device or devices capable of broadcasting signals that will be received by the Target Cellular Device or receiving signals from nearby cellular devices, including the Target Cellular Device. Such a device may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell phone to communicate with others. The device may send a signal to the Target Cellular Device and thereby prompt it to send signals that include the unique identifier of the device. Law enforcement may monitor the signals broadcast by the Target Cellular Device and use that information to determine the Target Cellular Device's location, even if it is located inside a house, apartment, or other building.

11. The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the Target Cellular Device, the device may briefly exchange signals with all phones or other cellular devices in its vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the Target Cellular Device, and law enforcement will limit collection of information from devices other than the Target Cellular Device. To the extent that any information from a cellular device other than the Target Cellular Device is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of

5

it absent further order of the court, other than distinguishing the Target Cellular Device from all other cellular devices.

## AUTHORIZATION REQUEST

12. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41. The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

13. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days from the end of the period of authorized surveillance. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cellular Device would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and [continue to] flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). There is reasonable necessity for the use of the technique described above, for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

14. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cellular Device outside of daytime hours.

15. A search warrant may not be legally necessary to compel the investigative technique described herein. Nevertheless, I hereby submit this warrant application out of an abundance of caution.

Respectfully submitted,

6

*[signature]*
**APRIL HEMSTAD**
Special Agent
**UNITED STATES MARSHALS SERVICE**

Subscribed and sworn to before me
On: *August 13, 2019*

*[signature]*
NANCY JOSEPH
United States Magistrate Judge

## ATTACHMENT A

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned phone number (262) 627-0867 whose wireless provider is Verizon.

## ATTACHMENT B

Pursuant to an investigation of Charles Parks for a violation of supervised release and being a fugitive from justice, this Warrant authorizes the officers to whom it is directed to determine the location of the cellular device identified in Attachment A by collecting and examining:

1. radio signals emitted by the target cellular device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and
2. radio signals emitted by the target cellular device in response to radio signals sent to the cellular device by the officers;

for a period of thirty days, during all times of day and night. This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).